My name is Arthur Weed and I'm the attorney for Mr. Smith, who was the defendant in the California courts and appeals the denial of his habeas petition in the district court by a state prisoner. And as the court will recall, what this was, was Mr. Smith rented out a house in his backyard to some people and there arose a landlord tenant dispute, which he exhibited a weapon, which he held down like that. But then it was alleged he later held the weapon to one of the people's heads in a threatening way. And his defense was that he did not do either of those things and that the tenant had caused her children to fabricate the story. That was his defense. Now, what happened in the district court when the habeas petition got to the federal level is that the court found that there was no violation of due process.  And the court found that there was no violation of due process. But it certified the question of whether there was ineffective assistance of counsel for two reasons. One, failure to present an affirmative defense. And the other, failure to provide the district attorney with a witness list. And in my opening brief, I addressed the question of failure to present an affirmative defense. Now, normally, when we talk about ‑‑ I just want to make sure I'm clear. The COA says whether habeas is warranted under 2254 with respect to the claim that his trial counsel rendered ineffective assistance by failing to prepare a witness list and present an effective affirmative. So that's the only issues we're arguing about today. To present an affirmative defense. So the ineffective assistance of counsel is to the defense. Yes, Your Honor. Okay. But didn't the defense counsel actually properly list Hayhurst and Holmes to testify? Yes, Your Honor, he did. So he did provide the witness list, but the trial judge was under the impression, I guess, that he didn't or that he was too late or the witnesses weren't present. I don't recall the exact facts in this one. But the trial court seemed to rule erroneously. Well, I would certainly say that was the case. The problem is we're here under AEDPA, and the latest comments from the Supreme Court, even though it wouldn't allow us to go back and review that ruling. I'm sorry. I didn't understand. You were here under the AEDPA standard. So even if we think that trial court ruling was wrong. Well, I think, though, that as I cite in my reply brief, the applicable Supreme Court precedent, which the state court misapplied, which would be AEDPA's gatekeeping provision that I think you're talking about, Your Honor, is Chambers v. Mississippi, where the Supreme Court said, We're not setting forth any new constitutional provisions here. We're not making new law. We're simply saying that where there is a due process violation in a state court, the federal courts will take action. My impression, tell me if I have the facts wrong. My impression is that the trial judge excluded these witnesses not because of any failing of counsel, but he excluded one witness on relevancy grounds and another one because she was going to take the Fifth Amendment on the stand or something like that. It wasn't because of anything counsel did to screw this up. That's correct. Well, then how do you get ineffective assistance of counsel? What I'm suggesting is that there are two ways that there can be ineffective assistance of counsel. The first way, which is the most common one, obviously, is that the lawyer drops the ball. He turns it over to the other side, whatever. You know, this happens all the time, I'm sorry to say. That's not what happened in this case. We're not saying that his lawyer did anything wrong or anything deficient. What we're saying here, and let there be no mistake about it, is that the trial judge is the person who dropped the ball in this case. Okay. That may be, but how does that become an ineffective assistance of counsel claim if the trial judge made a mistake? That's very simple, Your Honor. Supposing that you were to say to me, all right, mister, we've heard enough from you. Sit down and shut up. You know, I have had that happen. And that would be ineffective assistance of counsel, not because I did something wrong, but because the court deprived my client of his Sixth Amendment right to have his lawyer at least make an argument. So the one thing I think could have been ineffective assistance of counsel is after the trial court erroneously excluded all these witnesses and effectively denying Smith the opportunity to put on a defense, he offered to declare a mistrial. And what I don't understand is why the defense counsel at that time didn't just say, okay, fine, I'll take the mistrial. Let's put the prosecution to its test all over again. Your Honor, he made that offer to the defendant in person. He addressed the defendant and said, do you want a mistrial? Was the counsel in the room? Yes. His counsel said, I'm directing my client not to answer that. You know, this is a strange situation. It's a very strange situation. I agree with that. And I apologize to the court for having put 40 pages of reporter's transcript in my opening brief. I've never done that before, and I hope I never have to do it again. And I hope you never have to read something like that again. But I do suggest that this is a situation where the trial judge simply lost it. The court probably is familiar, if I might digress here, with McCain-Minton, with Humphrey Bogart, where he plays the role of Captain Queeg. And you probably remember the scene where the court-martial finally ends the movie. Captain Queeg, Humphrey Bogart, takes the witness stand, and he loses it completely. Is the court familiar with where he brings out the steel balls? Yes. The steel balls. You remember that? That's something you'll never forget. And that's what happened in this case. I don't mean to digress like that, but this is something that I have never seen before in my experience as a lawyer, and I hope I never see it again. But it did happen, and it is a situation, I believe, like Chamber v. Mississippi, where if a federal court sees something like this in a state court, I'm not just trying to say to the state court, okay, this is how we want you to run your court. But rather, if the state court has done something, as in Chambers v. Mississippi, that deprives a defendant of his due process rights, the federal courts have a duty to act. And I'm suggesting that that's the situation that is presented here. And unless the courts have ‑‑ unless Your Honors have questions, I would be inclined to submit it on the basis of that. Thank you, Mr. Reed. Thank you, Your Honor. Good morning. Good morning. May it please the Court, Deputy Attorney General Sonia Roth for a respondent? Could you speak up just a smidge, Ms. Roth? Yes. The district court's judgment should be upheld in this case for two reasons. First, Petitioner's claim is barred by Tollett v. Henderson, in which the U.S. Supreme Court held that when a criminal defendant has admitted his guilt to the charged offenses, he may not claim he was deprived of his constitutional rights prior to the entry of a guilty plea. And secondly, the California Court of Appeal reasonably denied Petitioner's claim in accordance with Supreme Court precedent. Here, there is only one way to get ineffective assistance to counsel. You need, first, division performance by counsel, and you need that division performance to be prejudicial to Petitioner. Here, the district court found, rightly found, that there was no ineffective assistance to counsel in failing to prepare a witness list or to mount an affirmative defense. Trial counsel, although he did get in a heated argument with the trial court, did, in fact, prepare the witness list, including the two complainant witnesses, and argued vigorously to have them included. Because there was no division performance, Petitioner can't argue that he suffered any prejudice. So under Strickland v. Washington, we have no ineffective assistance to counsel claim. And here, that is the only claim certified for this court, not a judicial bias or misconduct claim, as appellant attempts to couch this IAC claim as. Finally, unless the Court has any questions, I would just like to state again that Petitioner's claim is barred by Tollett v. Henderson, and secondly, the California Court of Appeal reasonably denied Petitioner's claim in accordance with clearly established Supreme Court law. Questions? I don't think so. Ms. Roth, thank you very much. Mr. Weaver? Yeah, about a minute and a half. All right. This will be very brief. There was no plea of guilty in this case. It's easy to confuse it with other cases, but this case went to trial. What happened was, after the trial, there was a motion for new trial based on what the trial judge had done. And so there was an informal agreement that was worked out where it was a statement of factual basis is what it was called, not a plea of guilty. However, it is correct that the judge said, are you pleading guilty now, or are you admitting that you're guilty? And my client said, yes, I am. But there were none of the Rule 11 provisions, which the State court, of course, requires as well. There was never a plea of guilty. Thank you, Your Honor. Thank you, Mr. Weaver. Ms. Roth, thank you. The case just argued is submitted. Good morning. 10-50271, United States v. Lee. Each side will have 15 minutes.
judges: Fletcher, Silverman, Wardlaw